## George F. Purcell v. John D. McKeel.

### Gen. No. 4,707.

1. INSTRUCTIONS—*must not give undue prominence to particular facts.* Instructions are erroneous which give undue prominence to particular evidence in the cause.

2. VERDICT—*when not disturbed.* A verdict predicated upon conflicting evidence will not be set aside on appeal where it appears that substantial justice has been done.

Action in replevin. Appeal from the Circuit Court of Lee county; the Hon. OSCAR E. HEARD, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed November 9, 1906.

J. W. WATTS, H. A. BROOKS and C. C. BROOKS, for appellant.

A. K. TRUSDELL and CLYDE SMITH, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This is an action in replevin brought by appellant, George F. Purcell, against John D. McKeel, appellee, to recover a traction engine. Suit was commenced in a justice court in Lee county, and judgment was rendered in favor of plaintiff; McKeel appealed to the Circuit Court and a trial was had by jury; and the jury returned a verdict for the defendant. The court entered judgment on the verdict against the plaintiff, from which this appeal is prosecuted.

Purcell purchased an Aultman & Taylor traction engine from T. L. O'Neil, and gave him a mortgage for the purchase price. He gave a second mortgage on it to Kugler Brothers of Harmon, Illinois. O'Neil foreclosed his mortgage and took possession of the engine, and Kugler Brothers, under an agreement with Purcell that it would cost them nothing, foreclosed their mortgage and took the engine from O'Neil.

O'Neil sued Kugler Brothers in trover and obtained judgment for $175 and costs, which was paid by Kugler Brothers. Purcell again took possession of the engine under an arrangement with Kugler Brothers about July, 1904; and on February 23, 1905, Kugler Brothers foreclosed their mortgage and sold the traction engine to appellee, John D. McKeel. The question in issue in this case is whether the arrangement between Kugler Brothers and Purcell was a sale or the continuation of the possession of the traction engine under the chattel mortgage.

The testimony is somewhat conflicting. Purcell testified in substance that he had a number of conversations with W. H. Kugler after the trover suit with O'Neil, and stated that during those conversations it was agreed between them that he was to take the machine and to pay the judgment and costs in the trover suit as the purchase price, and that he did pay part of the costs and that he took possession of the traction engine under this agreement. W. H. Kugler testified that he talked with Purcell about his mortgage being a second mortgage, and Purcell told him to go ahead and foreclose their mortgage as the traction engine was in O'Neil's possession, and that it would not cost them anything, and if they realized anything out of the transaction to apply it on the note; that he did talk with Purcell about paying the O'Neil judgment and mortgage; that he did not agree to sell the engine to Purcell; that he did not talk with Purcell about taking the engine back, but that Purcell practically had possession of the engine all the time, and Purcell said if he had the engine for another year he could pay all his debts; that Purcell owed a small amount at his store besides the debt for the traction engine; that he called Purcell's attention to the fact that the people wanted their money in the trover suit, and that Purcell said he did not have the money, and that Kugler Brothers better sell the engine and pay it,

and that he told Purcell that he could not get anything out of the engine at that time, and that they better let it stand as it was; that Purcell said this was all right; that Purcell did pay some money on the costs in the trover suit; that later he told Purcell that his mortgage would be due December 15th; that Purcell said he was going to sell his corn and could pay it off when it became due, and that Kugler then told Purcell that the mortgage stood good, and that he would let it stand until Purcell got his corn shelled; and Purcell said this was all right; that after Purcell went into bankruptcy, he had a talk with Purcell about scheduling the engine and Purcell told him that he had bought it, and he asked him what was the price, and Purcell said he did not know.

It is our opinion that the evidence fails to show a sale of the traction engine to Purcell after the foreclosure of the mortgage by Kugler Brothers when in possession of O'Neil, and that the evidence shows that the traction engine remained in the possession of Purcell under the chattel mortgage and that the acts of the parties themselves fully warrant the position that they thought the mortgage still in force. It would not be reasonable to suppose that Kugler Brothers would relinquish their rights under the chattel mortgage when they foreclosed the chattel mortgage on the traction engine while it was in the possession of O'Neil, and stood a suit in trover for the very purpose of protecting themselves, and making their second mortgage a first lien on the property, especially when they did all this at the suggestion of Purcell himself. It would be hard to understand why Kugler Brothers, when they had already loaned Purcell $327 and required a mortgage on the traction engine as security for it, would make an agreement such as Purcell testified to, and sell him the same engine on which they had already a chattel mortgage without any security whatever, and pay a judgment of $175 which was stand-

Purcell v. McKeel.

ing against them on the same transaction. The arrangement between the parties under which Purcell had possession of the traction engine was a question of fact for the jury to determine, and they have found in favor of the appellee, and we think their finding is fully warranted by the evidence.

Complaint is made of the action of the court in refusing appellant's instructions and in giving certain instructions for appellee. Appellant criticises the modification of his instruction number two on the ground that the modification was not based on the evidence. We think the modification proper for it supplied an essential element, that of the unlawful possession of the engine on the part of appellee. Appellant's instruction number one was properly refused by the court for the reason that it gave undue prominence to particular evidence. Appellant's instruction number three directed a verdict for the plaintiff, and ignored the theory of the appellee upon which he was entitled to have the jury instructed. Instructions number one, two and four, given for appellee, were proper for they were based upon the theory of the appellee concerning the agreement under which appellant was to have possession, and the evidence warranted this theory.

This judgment does substantial justice, and to permit Purcell to recover would be to permit him to take this property for the sum of $15 or $20 he claims to have paid out as costs, and relieve him from both mortgage liens, neither of which has been paid by him. This we do not think would be in accordance with the contract made between the parties and their actions under this contract.

The judgment is, therefore, affirmed.

*Affirmed.*